IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARC DUKLES, | ) | Case No.  1:15 CV 2164 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE CHRISTOPHER A. BOYKO |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| RICHARD CHUVALAS, Warden, | ) | THOMAS M. PARKER |
| | ) | |
| Respondent. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |

## I.      Introduction

Petitioner Marc Dukles' *pro se* petition for writ of habeas corpus filed under 28 U.S.C. § 2254, challenges the constitutionality of his convictions and sentences in *State v. Dukles*, Case No. 11-CR-0686.  ECF Doc. No. 4.  Respondent Warden Richard Chuvalas[1] has filed a Return of Writ.  ECF Doc. No. 11.  And Dukles has filed a Traverse (ECF Doc. No. 17), to which Respondent has replied (ECF Doc. No. 18).

Because Dukles has not demonstrated any entitlement to the issuance of a writ of habeas corpus, I recommend that the Court dismiss Dukles' petition.

---

[1]  Richard Chuvalas is Warden of the Correctional Reception Center in Orient, Ohio, where Dukles is incarcerated.  ECF Doc. No. 11 at Page ID# 144.

## II.     Factual Background

The Ohio Court of Appeals set forth the following facts regarding Dukles' convictions:[2]

> {¶ 2} Dukles was arrested after he and another man, Anthony Diluzio, were involved in a
> fight at The Grille, a restaurant/bar in Brunswick. Although accounts of the exchange that
> took place between the two men varied, their meeting resulted in Dukles pulling a knife
> from his pocket, punching Diluzio in the face, and repeatedly stomping on Diluzio after
> he fell to the ground. Dukles attempted to flee the scene after stomping on Diluzio, but
> the establishment's security personnel restrained him. At the time the incident occurred,
> Dukles was on post-release control.

*State v. Dukles*, 2013-Ohio-5263, ¶ 2.

## III.   Relevant State Procedural History

### A.     Trial Court

On December 7, 2011, the Medina County Grand Jury indicted Dukles on three counts:

two counts of felonious assault, in violation of Ohio Rev. Code § 2903.11(A)(1) ("Count I") and

Ohio Rev. Code § 2903.11(A)(2) ("Count II"); and one count of carrying a concealed weapon, in

violation of Ohio Rev. Code § 2923.12(A)(1) ("Count III").  ECF Doc. No. 11-1 at PageID#

168-69.  As the Ohio Court of Appeals explained, "At his arraignment, Dukles attempted to enter

a plea of 'once in jeopardy.'  The trial court made note of Dukles' request to plead that way and

also entered a plea of not guilty on his behalf." *Dukles*, 2013-Ohio-5263, ¶ 10; *see also* ECF

Doc. No. 11-1 at PageID# 170.  Dukles, who was on post-release control resulting from a 2006

drug trafficking conviction at the time of the Diluzio incident, entered the "once in jeopardy"

plea to assert his position that he "had already been placed in jeopardy" by a post-release control

violation proceeding regarding the same offense.  ECF Doc. No. 4 at PageID# 79.

---

[2] These facts "shall be presumed to be correct," unless petitioner rebuts them by clear and convincing evidence,
something Dukles has not attempted to do.  28 U.S.C. § 2254(e)(1); *Warren v. Smith*, 161 F.3d 360-61 (6th Cir.
1998).

2

Dukles waived his right to a trial by jury.  ECF Doc. No. 11-1 at PageID# 171; ECF Doc. No. 16-1 at PageID# 485-87.  The trial to the court began on March 26, 2012, and continued on June 15, 2012, and August 2, 2012.  ECF Doc. No. 11-1 at PageID# 184.  After the parties had presented their evidence, the trial court ordered Dukles to file a motion for acquittal pursuant to Ohio Criminal Procedure Rule 29.  ECF Doc. No. 16-2 at PageID# 974-75.  Dukles filed a motion for acquittal on August 14, 2012.  ECF Doc. No. 11-1 at PageID# 172-80.

On September 13, 2012, the trial court issued its ruling on Dukles' motion, stating:

The Court, having considered the [Rule 29] motion, finds that it is not well taken with respect to Counts I and III but that it is well taken with respect to Count II.

Therefore, on Count II, which is a charge of Felonious Assault in violation of R.C. § 2903.11(A)(2), the Court orders a judgment of acquittal. With respect to Counts I and III, the motion is denied.

ECF Doc. No. 11-1 at PageID# 181.  The court also announced its ruling in open court when the trial resumed for closing arguments on September 28, 2012.  ECF Doc. No. 16-3 at PageID# 977.  The judge explained, "I directed a verdict of acquittal on Count No. II.  I did not direct a verdict of acquittal on Count No. 1 [*sic*] or Count No. III."  ECF Doc. No. 16-3 at PageID# 977. The parties then proceeded with closing arguments, after which the court adjourned the trial without announcing a verdict on the two remaining counts.  ECF Doc. No. 16-3 at PageID# 1031.

On October 15, 2012, the trial court issued a written verdict, finding Dukles guilty of Count II, felonious assault under Ohio Rev. Code § 2903.11(A)(2), and Count III, carrying a concealed weapon.  ECF Doc. No. 11-1 at PageID# 182.  On November 14, 2012, the trial court issued a *nunc pro tunc* judgment entry to correct its verdict, clarifying that it found Dukles guilty

of Counts I and III, and not Count II, which it had previously dismissed.  ECF Doc. No. 11-1 at

PageID# 183.

On November 15, 2012, the trial court conducted a sentencing hearing and imposed a six

year term of imprisonment for the felonious assault charge (Count I) and a one year term on the

concealed weapon charge (Count III), to be served concurrently, for an aggregate sentence of six

years.  ECF Doc. No. 11-1 at PageID# 184.

**B.      Direct Appeal**

Dukles, through new counsel, filed a timely notice of appeal in the Ohio Court of

Appeals.  ECF Doc. No. 11-1 at Page ID# 186.  Dukles' appellate brief set forth seven

assignments of error:

1.      The trial court erred in not disposing of Mr. Dukles [*sic*] plea of once in
jeopardy.

2.      The trial court erred in not finding that Mr. Dukle [*sic*] had once been in
jeopardy for this offense when he was found not guilty by the Ohio Parole
Authority for a violation that arose from the incident that Mr. Dukles was
indicted and found guilty of in this case.

3.      The trial court erred in finding against the manifest weight of the evidence
that Marc Dukles violated Ohio Revised Code [§] 2903.11(A)(1),
[f]elonious [a]ssault[,]  and Ohio Revised Code [§] 2923.12(A)(1)[,]
carrying a concealed weapon.

4.      The court erred by changing the verdict entered via a nunc pro tunc entry.

5.      The trial court erred by sentencing defendant to six years on the charge of
felonious assault.

6.      The trial court erred by permitting an improper argument of the prosecutor
during closing argument regarding previous offenses over objection of the
defendant's counsel.

> 7. The court erred by not granting the jail time credit requested in Mr. Dukles' pro se motion.

ECF Doc. No. 11-1 at PageID# 189-91.  On December 2, 2013, the state appellate court affirmed the judgment of the trial court.  ECF Doc. No. 11-1 at PageID# 256-78; *Dukles*, 2013-Ohio-5263.

Dukles filed a timely *pro se* notice of appeal to the Ohio Supreme Court.  ECF Doc. No. 11-1 at Page ID# 279-81.  His memorandum in support of jurisdiction asserted five propositions of law:

> 1. In a criminal case, can a verdict of acquittal be vacated via a nunc pro tunc[.]
>
> 2. Can the office of nunc pro tunc be used to show what the court intended to, but did not actually decide[.]
>
> 3. Can the office of nunc pro tunc be used to change, amend, or alter a legal decision[.]
>
> 4. Does [j]eopardy attach to an Adult Parole Authority violation hearing after a parolee has already served the maximum sentence of the already imposed judicial sentence[.]
>
> 5. Although a finding of guilt or the imposition of a new prison term by the Adult Parole Authority will not invoke the Double Jeopardy Clause of the Constitution, does an acquittal of any and all criminal conduct based on the merits, by the Adult Parole Authority and a preponderance of the evidence standard, serve as a former judgment of acquittal[.]

ECF Doc. No. 11-1 at Page ID# 283.

The Supreme Court declined jurisdiction over the appeal on April 23, 2014.  ECF Doc. No. 11-1 at Page ID# 339.  Dukles then filed a motion for reconsideration, which was denied. ECF Doc. No. 11-1 at Page ID# 340-44, 345.

On July 22, 2014, Dukles filed a petition for writ of *certiorari* in the United States Supreme Court.  ECF Doc. No. 11-1 at Page ID# 347.  The Court denied the petition on October 20, 2014.  ECF Doc. No. 11-1 at Page ID# 346.  Dukles filed a motion for rehearing on November 10, 2014, which was denied on January 28, 2015.  ECF Doc. No. 11-1 at Page ID# 347, 349.

**C.**      **Post-Conviction Proceedings**

Meanwhile, on July 31, 2014, Dukles filed a *pro se* petition for writ of habeas corpus in the Ohio Supreme Court.  ECF Doc. No. 11-1 at Page ID# 350-450.  His petition raised the following claims for relief:

1.      The Medina County Court of Common Pleas was without jurisdiction to proceed to trial without first addressing the plea it accepted of "once in jeopardy."

2.      The Medina County Court of Common Pleas lacked jurisdiction to vacate its own valid final judgment.

3.      The Medina County Court of Common Pleas was without jurisdiction, under the Equal Protection Clause of the 14th [A]mendment of the United States Constitution, to amend the verdict more than 14 days after filing it.

ECF Doc. No. 11-1 at Page ID# 351, 356, 360.

On September 4, 2014, Dukles filed in that case a "Motion to Strike" and "Motion for Peremptory Writ."  ECF Doc. No. 11-1 at Page ID# 451-57.  On November 19, 2014, the Ohio Supreme Court *sua sponte* dismissed the case and denied as moot Dukles' motions.  ECF Doc. No. 11-1 at Page ID# 458.

**IV.     Federal Habeas Corpus Petition**

Dukles' filed his *pro se* petition for writ of habeas corpus in this Court on October 20,

2015.[3]  ECF Doc. No. 4.  His petition raises five grounds for relief:

1.  The Medina County Court of Common Pleas violated the Double Jeopardy
    Clause of the Ohio and U.S. Constitutions by proceeding to trial after I had
    already been placed in jeopardy and acquitted of the same incident, contrary to
    U.S. Supreme Court decisions.

    Supporting Facts: In December 2006 I was sentenced to 3 years in prison for
    drug trafficking as a result of Medina County Court of Common Pleas case
    #06CR0108. With the time[-]and[-]a[-]half PRC provision, that means I could
    be forced to serve a maximum 4-5 years, or 1603 days. As of 11-15-2011, 1789
    days had been served on that case and a total of 1822 days were served before
    I was released. That is 219 days beyond the maximum sentence. By DRC's own
    records, I had served beyond the maximum sentence before the events of
    August 21, 2011 ever took place. Neither the APA nor DRC had any authority
    from any already–imposed judicial sentence to hold me in prison, or to even
    hold a violation hearing. Nevertheless, that is what they did. The State of Ohio,
    via the APA, essentially held me without bail, tried and acquitted me of causing
    or attempting to cause physical harm to Anthony Diluzio, and also acquitted me
    of having a weapon in my possession or under my control. Because this hearing
    was not part of an already–imposed judicial sentence (that sentence had been
    served in full) this constitutes being placed in jeopardy and a former judgment
    of acquittal.

2.  The Medina County Court of Common Pleas was without jurisdiction to
    proceed to trial without first addressing and disposing of the plea it accepted of
    "once in jeopardy."

    Supporting Facts:
    - Arraignment was held on January 19, 2012. At that time I pled "not
      guilty" and "once in jeopardy." These pleas were both journalized by
      the Court.
    - Trial began on March 26, 2016 without the Court addressing the once
      in jeopardy plea is accepted

---

[3] Dukles initially filed a motion for leave to proceed *in forma pauperis*, with an attached petition and civil cover
sheet, in the District Court for the Southern District of Ohio on October 16, 2015.  ECF Doc. No. 1.  The Southern
District Court transferred the action to this court on October 20, 2016.  ECF Doc. No. 2.

- The Court never again addressed the plea.
- A trial on the issue of the former jeopardy was never held, as is required.

3. The Medina County Court of Common Pleas was without jurisdiction to vacate its own valid final judgment of acquittal, violating the Double Jeopardy Clauses of the Ohio and U.S. Constitutions.

   Supporting Facts:
   - On September 13, 2012 the Court journalized its acquittal as to Count II.
   - On September 28, 2012, the Court orally pronounced its September 13th acquittal as to Count II.
   - On October 15, 2012, the Court journalized its verdict, acquitting of Count I and convicting of Counts II & III.
   - On October 26, 2012, the Court orally pronounces its October 15th verdict convicting of Counts II & III.
   - On November 14, 2012, the Trial Court vacated its acquittal as to Count I under the guise of a "nunc pro tunc verdict." Here is where he changed his verdict of acquittal to a verdict of guilty as to Count I.

4. I was denied the effective assistance of counsel at trial, contrary to the 6th Amendment of the U.S. Constitution.

   Supporting Facts:
   - On March 26, 2012[,] [the c]ourt adjorned [*sic*] while Anthony Diluzio was still on the stand and our cross-examination of him, the alleged victim, was not complete.  At this time the Court ordered his medical records, sua sponte.
   - On June 15, 2012, the next day of trial, Anthony Diluzio was subpoenaed to testify, but never appeared … most likely because the medical records prove[d] he perjured himself.
   - On August 3, 2012[,] my counsel, David Sheldon, rested the case without ever putting Mr. Diluzio back on the stand to examine him now that we had proof of his lies from the medical records.
   - He was ineffective for not moving to have the case dismissed for violating my right to a speedy trial.

5. I was denied effective assistance of appellate counsel, contrary to the 6th Amendment of the United States Constitution.

Supporting Facts:

My appellate counsel was ineffective because he:

- Failed to have a copy of the Pre-Sentence Investigation filed with the Court of Appeals from the trial court.
- Failed to raise the ineffective assistance of trial counsel.
- Failed to file any reply briefs when the State of Ohio misquoted case law and distorted the facts of the case.
- Failed to have a transcript of the arraignment filed with the Court of Appeals, along with the rest of the transcripts.

ECF Doc. No. 4 at PageID# 79, 81, 82, 84, 86. Respondent filed a return of writ on March 3, 2016. ECF Doc. No. 11.

On March 31, 2016, Dukles filed an "Objection to Incomplete Answer," complaining that Respondent did not file or provide him with the transcripts of the state-court proceedings. ECF Doc. No. 13 at PageID# 470. On May 16, 2016, he filed a "Motion to Strike [Respondent's Answer/Return of Writ] and Proceed to Judgment on the Pleadings," also on the ground that Respondent did not file the state-court transcripts. ECF Doc. No. 15 at PageID# 475. On May 18, 2016, Respondent filed the transcripts. ECF Doc. No. 16.

When Dukles filed his traverse, he withdrew his fourth and fifth grounds for relief, stating:

Due to the fact the Court of Appeals has failed to rule on the 26(B) application that has been before that court for over two years now, petitioner has no choice but to dismiss these issues at this time. These issues will be presented in a successive habeas corpus proceeding, if necessary.

ECF Doc. No. 17 at PageID# 1055; *see also* ECF Doc. No. 4 at PageID# 87 (stating he is "willing to forego" his fourth and fifth grounds if the Court finds them unexhausted). Respondent replied to the traverse on June 2, 2016. ECF Doc. No. 18.

On June 13, 2016, Dukles filed a "Motion to Resondent's [*sic*] Reply to Petioner's [*sic*] Traverse and Motion to Strike and Proceed to Magistrate's Recommendation." ECF Doc. No.

20.  The undersigned denied Dukles' motions to strike on November 18, 2016.  ECF Doc. No. 21.

## V.      Standards of Review

### A.      AEDPA Review

Dukles' petition for writ of habeas corpus is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), because he filed after the Act's 1996 effective date. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *Murphy v. Ohio*, 551 F.3d 485, 493 (6th Cir. 2009). AEDPA, which amended 28 U.S.C. § 2254, was enacted "to reduce delays in the execution of state and federal criminal sentences, particularly in capital cases, and 'to further the principles of comity, finality, and federalism.'"  *Woodford v. Garceau*, 538 U.S. 202, 206 (2003) (quoting (Michael) *Williams v. Taylor*, 529 U.S. 420, 436 (2000)).  The Act "recognizes a foundational principle of our federal system:  State courts are adequate forums for the vindication of federal rights."  *Burt v. Titlow*, 134 S. Ct. 10, 15 (2013).  It therefore "erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court."  *Id*.

One of AEDPA's most significant limitations on district courts' authority to grant writs of habeas corpus is found in § 2254(d).  That provision forbids a federal court from granting habeas relief with respect to a "claim that was adjudicated on the merits in State court proceedings" unless the state-court decision either:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Habeas courts review the "last *explained* state-court judgment" on the federal claim at issue.  *Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991) (emphasis original).  A state court has adjudicated a claim "on the merits," and AEDPA deference applies, regardless of whether the state court provided little or no reasoning at all for its decision.  *Harrington v. Richter*, 562 U.S. 86, 99 (2011).

 "Clearly established Federal law" for purposes of § 2254(d)(1) "is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision."  *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003).  It includes "only the holdings, as opposed to the dicta, of [Supreme Court] decisions."  *White v. Woodall*, 134 S. Ct. 1697, 1702 (2014) (internal quotation marks and citations omitted).  The state-court decision need not refer to relevant Supreme Court cases or even demonstrate an awareness of them; it is sufficient that the result and reasoning are consistent with Supreme Court precedent.  *Early v. Packer*, 537 U.S. 3, 8 (2002) (per curiam).  And a state court does not act contrary to clearly established law when the precedent of the Supreme Court is ambiguous or nonexistent.  *See, e.g., Mitchell v. Esparza*, 540 U.S. 12, 17 (2003) (*per curiam*).

A state-court decision is contrary to "clearly established Federal law" under § 2254(d)(1) only "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts."  *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).  And "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits."  *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

A state-court decision is an "unreasonable determination of the facts" under § 2254(d)(2) only if the court made a "clear factual error."  *Wiggins v. Smith*, 539 U.S. 510, 528-29 (2003).

11

The petitioner bears the burden of rebutting the state court's factual findings "by clear and convincing evidence." *Burt*, 134 S. Ct. at 15; *see also Rice v. White*, 660 F.3d 242, 250 (6th Cir. 2011).  This requirement mirrors the "presumption of correctness" AEDPA affords state-court factual determinations, which only can be overcome by clear and convincing evidence.  28 U.S.C.  § 2254(e)(1).  The Supreme Court has cautioned, "'a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance.'"  *Burt*, 134 S. Ct. at 15 (quoting *Wood v. Allen*, 558 U.S. 290, 301 (2010)).

Indeed, the Supreme Court repeatedly has emphasized that § 2254(d), as amended by AEDPA, is an intentionally demanding standard, affording great deference to state-court adjudications of federal claims.  The Court has admonished that a reviewing court may not "treat[] the reasonableness question as a test of its confidence in the result it would reach under *de novo* review," and that "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable."  *Harrington*, 562 U.S. at 102; *see also Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) ("The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable – a substantially higher threshold.").  Rather, § 2254(d) "reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems" and does not function as a "substitute for ordinary error correction through appeal."  *Harrington*, 562 U.S. at 102-03 (internal quotation marks omitted).  Thus, a petitioner "must show that the state court's ruling . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  *Id*. at 103.  This is a very high

standard, which the Court readily acknowledges:  "If this standard is difficult to meet, that is because it is meant to be."  *Id*. at 102.

    **B.**    **Cognizability**

    To the extent that claims asserted in federal habeas petitions allege only state-law violations, they are not cognizable on federal habeas review and must be dismissed on that basis. "It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."  *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) (citing 28 U.S.C. § 2241); *see also Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) ("[F]ederal habeas corpus relief does not lie for errors of state law."); *Engle v. Isaac*, 456 U.S. 107, 121 n.21 (1982) ("We have long recognized that a 'mere error of state law' is not a denial of due process.")(Citation omitted)).

    Moreover, "a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus."  *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (citing *Estelle*, 502 U.S. at 67–68).  A federal habeas court does not function as an additional state appellate court reviewing state courts' decisions on state law or procedure.  *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988).

    State-court rulings on issues of state law may, however, "rise to the level of due process violations [if they 'offend[] some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental."  *Seymour v. Walker*, 224 F.3d 542, 552 (6th Cir. 2000) (quoting *Montana v. Egelhoff*, 518 U.S. 37, 43 (1996)).  They must be "so egregious that [they] result in a denial of fundamental fairness."  *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003).  Fundamental fairness under the Due Process Clause is compromised where "the action

complained of . . . violates those 'fundamental conceptions of justice which lie at the base of our civil and political institutions,' . . . and which define 'the community's sense of fair play and decency.'"  *Dowling v. United States*, 493 U.S. 342, 352 (1990) (internal citations omitted). Courts, therefore, "'have defined the category of infractions that violate 'fundamental fairness' very narrowly.'"  *Id*. (quoting *Wright v. Dallman*, 999 F.2d 174, 178 (6th Cir. 1993)).

**VI.**    **Analysis**

    **A.**    **Ground One:** *Double Jeopardy Violation / Ohio Adult Parole Authority Hearing*

Dukles' first ground for relief argues that the trial court violated the Double Jeopardy Clause of the Fifth Amendment by proceeding to trial when the Ohio Adult Parole Authority ("OAPA") already had conducted a hearing regarding the incident with Diluzio and found that he did not violate the conditions of the post-release control imposed in a prior criminal case.  ECF Doc. No. 17 at PageID# 1045-48.

The state appellate court rejected this claim on direct appeal:

{¶ 8} In his first and second assignments of error, Dukles argues that the trial court erred by not (1) employing the proper procedure to dispose of his plea of once in jeopardy, and (2) disposing of this matter on double jeopardy grounds. According to Dukles, jeopardy attached when the Adult Parole Authority examined evidence pertaining to his fight with Diluzio and concluded that he did not violate the conditions of his post-release control.

{¶ 9} In 1953, the General Assembly enacted R.C. 2943.06. That statute provides as follows:

If a defendant pleads a judgment of conviction, acquittal, or former jeopardy, the prosecuting attorney may reply that there is no such conviction, acquittal, or jeopardy. The issue thus made shall be tried to a jury, and on such trial the defendant must produce the record of such conviction, acquittal, or jeopardy, and prove that he is the person charged in such record, and he may also introduce other evidence to establish the identity of such offense. If the prosecuting attorney demurs to said plea and

said demurrer is overruled, the prosecuting attorney may then reply to said plea.

R.C. 2943.06. In 1973, the Rules of Criminal Procedure took effect and limited the pleas that could be entered in criminal cases to pleas of not guilty, not guilty by reason of insanity, guilty, or no contest. Crim.R. 1 1(A); Crim.R. 59(A). Although R.C. 2943.06 has never been repealed, this Court has held that the statute "[has] been superseded by portions of Crim.R. 12." *Tallmadge v. Haught*, 9th Dist. Summit No. 18379, 1997 WL 423049, *1 (July 7, 1997), quoting *State v. Hollins*, 9th Dist. Summit Nos. 8636 & 8637, 1978 WL 215276, *2 (June 30, 1978). In *Haught*, we held that it was proper for a trial court to treat a defendant's "plea" under R.C. 2943.06 as a motion to dismiss. *Haught* at * 1.

{¶ 10} At his arraignment, Dukles attempted to enter a plea of "once in jeopardy." The trial court made note of Dukles' request to plead that way and also entered a plea of not guilty on his behalf. The matter then proceeded to trial. The court did not address Dukles' double jeopardy argument until after the first full day of trial and did not reject it until after the State rested. Dukles argues that the court committed reversible error by not following the procedure set forth in R.C. 2943.06 or, in the alternative, by not treating his plea as a Crim.R. 12(C) motion and disposing of it prior to trial.

{¶ 11} Because Crim.R. 12 supersedes R.C. 2943.06, the trial court was not required to follow the procedures outlined in the statute. *See Haught* at *1, quoting Hollins at *2. Crim.R. 12 alone would govern any motion seeking a dismissal on double jeopardy grounds. Yet, Dukles never filed a pretrial motion regarding his claim of double jeopardy. *Compare State v. Lamp*, 9th Dist. Summit No. 26602, 2013–Ohio–1219. The only indication in the record that Dukles even raised the issue of double jeopardy before his trial is a single notation in the journal entry the court issued after Dukles' arraignment. The notation reads: "Also plea of 'once in jeopardy.' " Dukles never raised the issue again before trial. He also never provided the court with any evidence before trial to substantiate his claim of double jeopardy. *See State v. Busby*, 9th Dist. Summit No. 21229, 2003–Ohio–3361, ¶ 7 ("Appellant bears the burden of proof on a motion to dismiss regarding multiple offenses."). The trial court, therefore, did not commit reversible error when it failed to dispose of Dukles' claim of double jeopardy before trial. Further, the trial court did not err by ultimately rejecting Dukles' double jeopardy argument.

{¶ 12} "The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution protect criminal

defendants against multiple prosecutions for the same offense." *State v. Hartman*, 9th Dist. Medina No. 12CA0057–M, 2013–Ohio–4407, ¶ 9, quoting *State v. Brewer*, 121 Ohio St.3d 202, 2009–Ohio–593, ¶ 14. "Each clause 'prohibits (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense.' " *Hartman* at ¶ 9, quoting *State v. Gustafson*, 76 Ohio St.3d 425, 432 (1996). Dukles argues that he was subjected to a second prosecution for the same offense after an acquittal.

{¶ 13} There was testimony at trial that, after the fight with Diluzio occurred, Dukles was charged with violating the conditions of his post-release control and the Adult Parole Authority conducted a hearing on the violations. There also was testimony that the hearing officer for the Adult Parole Authority found there was insufficient evidence that Dukles had assaulted Diluzio. Dukles argues that the proceeding before the Adult Parole Authority amounted to a prosecution and resulted in an acquittal. Therefore, he argues that his subsequent criminal trial was an unconstitutional, second prosecution for the same offense. We do not agree.

{¶ 14} The Ohio Supreme Court has held that:

> R.C. 2967.28(F)(4), which specifies that a person released on post [-]release control who violates conditions of that post[-]release control faces a term of incarceration for the violation as well as criminal prosecution for the conduct that was the subject of the violation as a felony in its own right, does not violate the Double Jeopardy Clauses of the United States and Ohio Constitutions.

(Emphasis added.) *State v. Martello*, 97 Ohio St.3d 398, 2002–Ohio–6661, syllabus. *Accord State v. Fairley*, 9th Dist. Lorain No. 00CA007675, 2001 WL 324376, *1 (Apr. 4, 2001) ("[B]ecause a post-release control sanction is not a criminal punishment, the Double Jeopardy Clause does not prohibit a subsequent prosecution * * * based on the same conduct."). Although the defendant in *Martello* was found to have violated the conditions of his post-release control, it stands to reason that *Martello*'s holding applies regardless of the final outcome of a defendant's post-release control proceeding (i.e., whether the Adult Parole Authority finds that the defendant has violated the conditions of his post-release control or finds that he has not). A post-release control violation proceeding is not a criminal prosecution. *See generally Martello* at ¶ 18–27 (post-release control violation categorized as civil penalty). Accordingly, the State was not barred from prosecuting Dukles simply because the Adult Parole Authority found that he did

not violate the conditions of his post-release control. Dukles' first and second assignments of error are overruled.

*Dukles*, 2013-Ohio-5263, ¶¶ 8-14.

Warden Chuvalas argues that this claim is not cognizable on federal habeas review.  ECF Doc. No. 11 at PageID# 152-59.  He asserts that the state appellate court interpreted Ohio law to hold "that a proceeding dealing with a post-release control violation does not result in a criminal punishment, and thus there is no Double Jeopardy violation of the United States Constitution." ECF No. 11 at PageID# 157.  But habeas courts are bound by state-court interpretation of state law, not federal constitutional law.  Dukles asserts here a federal constitutional double jeopardy claim, which is reviewable by this Court.

Nevertheless, the claim lacks merit.  The Double Jeopardy Clause of the Fifth Amendment guarantees that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb."  U.S. Const. amend. V.  It prohibits prosecution for the same offense following acquittal or conviction and bars multiple punishments for the same offense.  *See, e.g.,* *Monge v. California*, 524 U.S. 721, 727–28 (1998).

Of significance here, Supreme Court precedent aligns with Ohio law, as cited by the state appellate court, that proceedings regarding violations of supervised release do not implicate the Double Jeopardy Clause and bar subsequent prosecution for the same offense.  In *Johnson v. United States*, 529 U.S. 694 (2000), the Court stated:

> Where the acts of violation [of conditions of supervised release] are criminal in their own right, they may be the basis for separate prosecution, which would raise an issue of double jeopardy if the revocation of supervised release were also punishment for the same offense.   Treating postrevocation sanctions as part of the penalty for the initial offense, however (as most courts have done), avoids these difficulties.

*Id*. at 700.  Dukles concedes that "[i]n most cases that would be true."  ECF Doc. No. 17 at PageID# 1045.  But he argues his case is distinguishable because the OAPA post-release control violation hearing regarding the Diluzio incident "was not part of an already–imposed judicial sentence" as "that sentence had been served in full . . . ."  ECF Doc. No. 4 at PageID# 79; *see also* ECF Doc. No. 17 at PageID# 1045.

This argument is unpersuasive.  As best the undersigned can discern, Dukles is arguing that the OAPA lacked jurisdiction to conduct the post-release control violation hearing regarding the Diluzio incident because he had served the full sentence for his 2006 conviction, rendering the hearing legally void.[4] But this argument undermines rather than supports Dukles' double-jeopardy argument.  If the OAPA hearing was void, the subsequent trial could not have placed Dukles in *double* jeopardy.  Moreover, Dukles provides no authority for his argument, much less Supreme Court precedent, which controls in determining whether a state-court decision has violated AEDPA's § 2254(d)(1).  *See* 28 U.S.C. § 2254(d)(1) (permitting habeas relief where a state-court decision contravened or unreasonably applied "clearly established Federal law, as determined by the Supreme Court of the United States");  *White v. Woodall*, 134 S. Ct. 1697, 1702 (2014) ("'[C]learly established Federal law' for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of this Court's decisions.") (Internal quotation marks and citations omitted).

---

[4] Dukles continues to conflate the sentencing limitations on his original drug case with those sentencing options available after a person on post-release control commits a new felony.  In fact, Ohio law permits the imposition of new term of incarceration for a violation of the terms of PRC for a new felony committed while the person is on PRC.  However, this point is extraneous to the issues he now presents inasmuch as the OAPA adjudicated him not to have violated the terms of his PRC.  As discussed herein, that adjudication was only on the issue of whether a PRC violation occurred, a matter that is distinct from an adjudication on the new felony charges.

The state appellate court's decision, therefore, was neither contrary to, nor an unreasonable application of, Supreme Court precedent, and Dukles' first ground for relief fails.[5]

### B.  Ground Two:  *Trial-Court Error and/or Defective Indictment  / "Once in Jeopardy" Plea*

Dukles' second ground for relief is related to his first, asserting that the trial court erred by "proceeding to trial without first addressing and disposing of the plea it accepted of 'once in jeopardy.'"  ECF Doc. No. 4 at PageID# 81.  The state appellate court considered and rejected this claim, as quoted above.  *Dukles*, 2013-Ohio-5263, ¶¶ 9-11.  It explained that the Ohio statute upon which Dukles relied in state court, which permitted "former jeopardy" pleas and provided a procedure for courts to follow when they were made, was superseded by Ohio Criminal Procedure Rule 12.  *Id*. at ¶ 9.  It concluded, therefore, that the trial court was not required to follow the procedures outlined in the statute, and, further, that Dukles did not properly raise the issue by a Rule 12 motion or any other means.  *Id*. at ¶ 11.

The warden argues that Dukles' claim regarding his "once in jeopardy" plea is a matter of state law and is therefore not cognizable on federal habeas review.  ECF Doc. No. 11 at PageID# 158-59.  Dukles' petition appears to restate the claim he asserted in state court, complaining that the trial court did not comply with Ohio statutory law governing "once in jeopardy" pleas.  *See* ECF Doc. No. 4 at PageID# 81.  This claim is based solely on state law and is not cognizable on federal habeas.  *See, e.g., Estelle*, 502 U.S. at 68.  Moreover, the undersigned finds nothing in the state appellate court's decision rejecting this claim that was "so egregious" it "result[ed] in a denial of fundamental fairness."  *Bugh,* 329 F.3d at 512.

---

[5] As Respondent points out in his reply brief (ECF Doc. No. 18 at PageID# 1081-83), to the extent that Dukles is challenging the computation of his current term of incarceration, that claim is not cognizable on federal habeas review.  *See, e.g., Austin v. Jackson*, 213 F.3d 298, 300 (6th Cir. 2000) (noting challenges to a state court's interpretation and application of state sentencing laws generally are not cognizable in federal habeas corpus); *Kipen v. Renico*, 65 Fed. Appx. 958, 959 (6th Cir. 2003) (same).

Perhaps to avoid this result, Dukles' traverse shifts the claim's focus from his plea to his indictment.  He argues that federal constitutional law requires a criminal indictment to state whether there had been a prior legal proceeding against the defendant for the same offense, recognizing a defendant's right to enter a former jeopardy plea.[6]  ECF Doc. No. 17 at PageID# 1048-49.  He cites for support *Russell v. United States*, in which the Supreme Court stated:

> In a number of cases the Court has emphasized two of the protections which an indictment is intended to guarantee, reflected by two of the criteria by which the sufficiency of an indictment is to be measured. These criteria are, first, whether the indictment contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet, and, *secondly, in case any other proceedings are taken against him for a similar offense whether the record shows with accuracy to what extent he may plead a former acquittal or conviction.*

*Russell v. United States*, 369 U.S. 749, 763-64 (1962) (internal quotation marks and citations omitted)(emphasis added).  *Russell* concerned several federal prosecutions for refusal to answer questions when summoned before a congressional subcommittee.  *Id*. at 752.

Dukles' argument fails because there is no *federal* constitutional right to an indictment in *state* criminal proceedings.  *See, e.g., Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984) (citing *Brazenburg v. Hayes*, 408 U.S. 665 (1972)).  Indeed, "the Constitution does not require any particular state indictment rule.  In fact, it does not require an indictment at all if sufficient notice of the charges is given in some other manner."  *Id*.  Fair notice has been given when "the offense [is] described with some precision and certainty so as to apprise the accused of the crime with

---

[6] District courts may decline to address a habeas claim first presented in a petitioner's traverse rather than his petition. *See, e.g., Taylor v. Mitchell*, 416 F.3d 500, 504 (6th Cir. 2005).  Because Dukles is a *pro se* litigant, however, his pleadings should be liberally construed, and the undersigned will address the argument. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam) (stating *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers"); *see also Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) ("The allegations of a *pro se* habeas petition, though vague and conclusory, are entitled to a liberal construction," and "[t]he appropriate liberal construction requires active interpretation in some cases to construe a *pro se* petition to encompass any allegation stating federal relief" (internal quotation marks and citations omitted)).

which he stands charged.  Such definiteness and certainty are required as will enable a presumptively innocent man to prepare for trial."  *Id.*  "Beyond notice, [any] claimed deficiency in a state criminal indictment is not cognizable on federal collateral review."  *Roe v. Baker*, 316 F.3d 557, 570 (6th Cir. 2002) (citing *Mira v. Marshall*, 806 F.2d 636, 639 (6th Cir.1986) ("The indictment here had sufficient information to provide petitioner with adequate notice and the opportunity to defend and protect himself against future prosecution for the same offense.  Any other deficiencies in the indictment alleged by petitioner are solely matters of state law and so not cognizable in a federal habeas proceeding."))  Here, Dukles does not challenge his state court indictment on the ground that he did not know what crimes he was charged with.  And he doesn't contend the indictment was so vague he didn't know how to prepare a defense.  To the contrary, his argument that the claim had already been adjudicated in his favor shows that he knew exactly what the case was about.  As a result, he has no federal constitutional claim regarding his indictment.

Dukles' second ground for relief is not cognizable in federal habeas review whether it is premised on the handling of his "once in jeopardy" plea, or upon alleged defects in the indictment.

**C.    Ground Three:** ***Double Jeopardy Violation / Nunc Pro Tunc Judgment Entry***

Dukles' third ground for relief contends that the trial court's original judgment entry stating that he was acquitted on the first count of felonious assault was a final judgment, and double jeopardy prohibited the court from revising it in the *nunc pro tunc* judgment entry.  ECF Doc. No. 17 at PageID# 1049-55.

The state appellate court rejected this claim on direct appeal, stating:

{¶ 37} In his fourth assignment of error, Dukles argues that the court erred when it attempted to modify its verdict by way of a nunc pro tunc entry. According to

21

Dukles, once a court has filed a verdict of acquittal, double jeopardy bars the court from any attempt to undo the acquittal. As explained below, the trial court's misstatement in its verdict entry did not result in a judgment entry of acquittal on Dukles' first count of felonious assault.

{¶ 38} In the procedural history portion of this opinion, this Court set forth the series of entries that the trial court filed. The trial court issued a written verdict on October 15, 2012. Before the written verdict, however, the court issued a written ruling on Dukles' motion for acquittal and addressed the parties on the record in open court before closing argument. Both the written ruling on the motion for acquittal and the court's recitation of that ruling in open court indicate that the court acquitted Dukles on his second count of felonious assault, which was a violation of R .C. 2903.11(A)(2). The court's October 15th verdict entry then erroneously (1) noted that the court had granted the motion for acquittal on the first count of felonious assault, and (2) found Dukles guilty on the second count of felonious assault. Subsequently, the court issued a nunc pro tunc entry to correct the October 15th verdict entry. The corrected entry properly noted that the court previously had acquitted Dukles on the second count of felonious assault. It also set forth a finding of guilt on Dukles' first count of felonious assault.

{¶ 39} Dukles seeks to take advantage of the trial court's mistake in its October 15th entry by claiming that double jeopardy principles prohibit the correction of even a clear error in an entry of acquittal. Yet, this is not a case where the court purposely, albeit erroneously, entered an acquittal. *Compare Evans v. Michigan*, –—— U.S. ——, 133 S.Ct. 1069 (2013) (retrial barred after court mistakenly concluded that statute required proof of an additional element, found that the State failed to prove that element, and erroneously entered an acquittal); *Fong Foo v. United States*, 369 U.S. 141 (1962) (retrial barred after acquittal based on prosecutorial misconduct and witness credibility issues). This is a case where the court first entered a written acquittal ruling, reiterated that same ruling in open court, and then misstated its acquittal ruling in its subsequent verdict entry. On its face, the October 15th verdict entry clearly contains an error because it begins by noting that the court had "granted the motion [for acquittal] as to Count I, but [had] denied it as to Counts II and III." In fact, the court had granted the motion for acquittal as to Count II, but had denied it as to Counts I and III. The record reflects that the court, in its October 15th verdict entry, inaccurately relayed what it had ordered in its acquittal ruling. The court's October 15th verdict entry does not order an acquittal on Count I; it inaccurately summarizes the court's prior acquittal ruling. The record does not contain any entry that grants Dukles' motion for acquittal on Count I. Contrary to Dukles' argument, the court did not acquit him on Count I.

{¶ 40} Crim.R. 36 permits a court to correct a clerical mistake in a judgment "at any time." The "appropriate remedy" for a clerical mistake is "generally a nunc pro tunc entry." (Internal quotations and citations omitted.) *State v. Battle*, 9th Dist. Summit No. 23404, 2007–Ohio–2475, ¶ 5. "[N]unc pro tunc entries are limited in proper use to reflecting what the court actually decided, not what the court might or should have decided or what the court intended to decide." *State ex rel. Fogle v. Steiner*, 74 Ohio St.3d 158, 164 (1995).

{¶ 41} It is clear from the record that the trial court acquitted Dukles on his second count of felonious assault, in violation of R.C. 2903.11(A)(2), before the conclusion of trial. The court issued a written ruling to that effect on September 13, 2012, and announced that ruling in open court. When the court later misstated that ruling in its October 15th verdict entry, it properly used a nunc pro tunc entry to correct its misstatement and issued a verdict entry that reflected what the court had actually decided. *See State v. Perkins*, 190 Ohio App.3d 328, 2010–Ohio–5058, ¶ 17–18 (3d Dist.). The court did not offend the principles of double jeopardy by doing so. *Compare State v. Raber*, 134 Ohio St.3d 350, 2012–Ohio–5636, ¶ 22–26. Dukles' fourth assignment of error is overruled.

*Dukles*, 2013-Ohio-5263, ¶¶ 37-41.

The warden correctly argues that "ground three is not cognizable if the question is purely a state procedure for entering a *nunc pro tunc* judgment." ECF Doc. No. 11 at Page ID# 159. Dukles insists that the state appellate court incorrectly interpreted Ohio law in finding the *nunc pro tunc* judgment entry proper, in reliance on the Ohio Supreme Court decision in *State v. Raber*, 134 Ohio St. 3d. 350, 355 (2012). ECF Doc. 17 at PageID# 1050-51. In that case, Ohio's high court recognized that trial courts retain continuing jurisdiction to correct a void sentence or a clerical error in a judgment, but lack authority to reconsider a "valid final judgment in criminal cases." *Raber*, 134 Ohio St.3d at 355. Dukles contends that "[n]othing in the record demonstrates error by the trial court in its acquittal of Count I instead of a conviction of Count I." ECF Doc. 17 at PageID# 1050. He concludes that *Raber* establishes the standard for *nunc*

*pro tunc* judgments in Ohio, and "[t]his Court must accept a state court's interpretation of state law." ECF Doc. 17 at PageID# 1050 (citing *Bradshaw v. Richey*, 546 U.S. 74, 76 (2006)).

Dukles' argument shows that he misunderstands the role of federal habeas courts. He suggests that this court must accept *his* interpretation of Ohio law supporting *his* conclusion that the Ohio Court of appeals was wrong on the *nunc pro tunc* issue. But habeas courts are not only obligated to defer generally to state courts' interpretation of state law, but specifically to the interpretation of state law "announced on direct appeal of the challenged conviction." *Richey*, 546 U.S. at 76. Here, the Ohio Court of Appeals determined that the trial court "properly used a *nunc pro tunc* entry to correct its misstatement and issued a verdict entry that reflected what the court had actually decided." *Dukles*, 2013-Ohio-5263, ¶ 41. This Court is bound by that decision. Thus, to the extent Dukles complains that the trial court's *nunc pro tunc* judgment entry was invalid, the claim is not cognizable on federal habeas review.[7]

Moreover, as the warden argues, given that the trial court's *nunc pro tunc* judgment entry was a valid final judgment, Dukles' double jeopardy argument – that he "is now being punished for a crime for which he was originally acquitted in the October 15, 2012 verdict" entry – fails. After the trial court issued the corrected, final judgment entry, Dukles was never prosecuted again for the crimes underlying his convictions, nor was he subject to multiple punishments for the same offenses. *See, e.g., Monge*, 524 U.S. at 727–28.

Thus, the state appellate court's decision did not contravene or unreasonably apply Supreme Court precedent, and this claim is meritless.

---

[7] Nevertheless, the undersigned notes that even if this claim were cognizable, it would fail. As the state appellate court noted, the record is clear that the trial court made an error in its original sentencing entry. *Dukles*, 2013-Ohio-5263, ¶41. The trial court's *nunc pro tunc* judgment entry, therefore, was not a reconsideration of a "*valid* final judgment" as prohibited in *Raber*. *Raber*, 134 Ohio St. 3d. at 355 (emphasis added).

### D.    Grounds Four and Five: *Ineffective Assistance of Trial and Appellate Counsel*

As noted above, Dukles has withdrawn grounds four and five, asserting ineffective assistance of trial and appellate counsel.  *See* ECF Doc. No. 4 at PageID# 87; ECF Doc. No. 17 at PageID# 1055.  The undersigned, therefore, will not address those claims.

## VII.    Recommendation

I recommend that the Court DISMISS Dukles' petition for writ of habeas corpus (ECF Doc. No. 4) in its entirety, because his claims are either not cognizable on federal habeas review or are meritless.


Dated: July 5, 2017

Thomas M. Parker
United States Magistrate Judge

_____

### OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  See *U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn,* 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).