**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MARC DUKLES,** | ) | CASE NO. 1:15CV2164 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| | ) | MEMORANDUM OF OPINION |
| **RICHARD CHUVALAS, Warden,** | ) | |
| | ) | |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the Court on Petitioner Marc Dukles' Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF #4). For the following reasons, the Court accepts and adopts the Magistrate Judge's Report and Recommendation and dismisses Petitioner's Petition.

## FACTS

The following is a factual synopsis of Petitioner's claims. The Magistrate Judge's Report and Recommendation, adopted and incorporated, provides a more complete and detailed discussion of the facts.

1

On December 7, 2011, the Medina County Grand Jury indicted Petitioner on two counts of Felonious Assault and one count of Carrying a Concealed Weapon. At arraignment Petitioner attempted to enter a plea of "once in jeopardy" asserting that his post-release control violation hearing from a previous conviction regarding this incident placed him in double jeopardy. Petitioner was found not to be in violation of his post-release control. The trial court made note of Petitioner's request to plead that way and also entered a plea of not guilty on his behalf. Petitioner waived his right to a trial by jury. The trial to the court began on March 26, 2012, and continued on June 15, 2012, and August 2, 2012. After the parties had presented their evidence, the trial court ordered Petitioner to file a Motion for Acquittal pursuant to Ohio Criminal Procedure Rule 29. Petitioner filed a Motion for Acquittal on August 14, 2012.

The court directed a verdict of acquittal on Count Two and then later issued a written verdict of guilty on the remaining counts, but the journal entry incorrectly stated guilty on Counts Two and Three instead of Counts One and Three. The court corrected this by a *nunc pro tunc* entry on November 14, 2012. On November 15, 2012, Petitioner was sentenced to six years imprisonment on Count One and one year on Count Three to be served concurrently for an aggregate sentence of six years.

Petitioner filed a timely Notice of Appeal in the Ohio Court of Appeals. On December 2, 2013, the Court of Appeals affirmed the Judgment of the trial court. Petitioner filed a Notice of Appeal to the Ohio Supreme Court. The Supreme Court declined jurisdiction over the Appeal on April 23, 2014. Petitioner filed a Motion for Reconsideration, which was denied. On July 22, 2014, Petitioner filed a Petition for Writ of Certiorari in the United States Supreme Court. The Supreme Court denied the

Petition on October 20, 2014. Petitioner filed a Motion for Rehearing on November 10, 2014, which was denied on January 28, 2015.

Petitioner filed the instant Petition on October 20, 2015, asserting five grounds for relief, but withdrew Grounds Four and Five in his Traverse. The remaining three grounds are:

> **GROUND ONE:** The Medina County Court of Common Pleas violated the Double Jeopardy Clause of the Ohio and U.S. Constitutions by proceeding to trial after I had already been placed in jeopardy and acquitted of the same incident, contrary to U.S. Supreme Court decisions.
>
> **GROUND TWO:** The Medina County Court of Common Pleas was without jurisdiction to proceed to trial without first addressing and disposing of the plea it accepted of "once in jeopardy."
>
> **GROUND THREE:** The Medina County Court of Common Pleas was without jurisdiction to vacate its own valid final judgment of acquittal, violating the Double Jeopardy Clauses of the Ohio and U.S. Constitutions.

On November 3, 2015, the Court referred Petitioner's Petition to the Magistrate Judge for a Report and Recommendation. The Magistrate Judge issued his Report and Recommendation on July 5, 2017. On July 20, 2017 Petitioner filed an Objection to the Magistrate's Report and Recommendation.

## STANDARD OF REVIEW

When a federal habeas claim has been adjudicated by the state courts, 28 U.S.C. § 2254(d)(1) provides the writ shall not issue unless the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States." Further, a federal court may grant habeas relief if the state court arrives at a decision opposite to that reached by the

3

Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). The appropriate measure of whether or not a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Williams*, 529 U.S. at 409-411.

Pursuant to 28 U.S.C. § 2254(e)(1), findings of fact made by the state court are presumed correct, rebuttable only by clear and convincing evidence to the contrary. *McAdoo v. Elo*, 365 F. 3d 487, 493-494 (6th Cir. 2004). Finally, Rule 8(b)(4) of the Rules Governing §2254 states:

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate.

## **ANALYSIS**

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. *See Lindh v. Murphy*, 521 U.S. 320, 326-27, 337 (1997). The Act "recognizes a foundational principle of our federal system: State courts are adequate forums for the vindication of federal rights." *Burt v. Titlow*, 134 S. Ct. 10, 15 (2013). It therefore "erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court." *Id.*

In Ground One, Petitioner argues that the trial court violated the Double Jeopardy Clause of the Fifth Amendment. Petitioner contends that when the Ohio Adult Parole Authority ("OAPA") conducted a hearing regarding the incident with the victim from this

4

case and found that he did not violate the conditions of the post-release control imposed in a prior criminal case, jeopardy attached. The Court of Appeals addressed this issue.

The Magistrate Judge thoroughly reviewed the record of the Court of Appeals finding and points to *State v. Martello*, 97 Ohio St.3d 398, 2002–Ohio–6661, syllabus. *Accord State v. Fairley*, 9th Dist. Lorain No. 00CA007675, 2001 WL 324376, *1 (Apr. 4, 2001) ("[B]ecause a post-release control sanction is not a criminal punishment, the Double Jeopardy Clause does not prohibit a subsequent prosecution * * * based on the same conduct.") The Court of Appeals concluded that a post-release control violation proceeding is not a criminal prosecution and that the State was not barred from prosecuting Petitioner simply because the OAPA found that he did not violate the conditions of his post-release control.

The Magistrate Judge concluded that Supreme Court precedent aligns with Ohio law, as cited by the Court of Appeals, that proceedings regarding violations of supervised release do not implicate the Double Jeopardy Clause and bar subsequent prosecution for the same offense. In *Johnson v. United States*, 529 U.S. 694 (2000), the Court stated:

> Where the acts of violation [of conditions of supervised release] are criminal in their own right, they may be the basis for separate prosecution, which would raise an issue of double jeopardy if the revocation of supervised release were also punishment for the same offense. Treating postrevocation sanctions as part of the penalty for the initial offense, however (as most courts have done), avoids these difficulties.

*Id*. at 700.

The Court agrees with the Magistrate Judge that Petitioner has provided no authority for his argument. Petitioner has not provided any Supreme Court precedent,

5

which controls in determining whether a state-court decision has violated AEDPA's § 2254(d)(1). *See* 28 U.S.C. § 2254(d)(1) (permitting habeas relief where a state-court decision contravened or unreasonably applied "clearly established Federal law, as determined by the Supreme Court of the United States"); *White v. Woodall*, 134 S. Ct. 1697, 1702 (2014) ("'[C]learly established Federal law' for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of this Court's decisions.") (Internal quotation marks and citations omitted). Therefore, Ground One is without merit.

In Ground Two, Petitioner claims that the trial court was without jurisdiction to proceed to trial without disposing of his "once in jeopardy" plea. The Court of Appeals addressed this claim. Ohio Revised Code 2943.06 outlines the procedure for a plea of former jeopardy. However, Criminal Rule 12 took effect in 1973 and superseded R.C. 2943.06. The Court of Appeals found that trial court was not required to follow those procedures because Criminal Rule 12 limits pleas to not guilty, not guilty by reason of insanity, guilty, or no contest.

The Magistrate Judge notes that the Court of Appeals also considered that Petitioner did not raise the issue again in a pre-trial motion or provide the court with any evidence to support his claim of double jeopardy. The Court of Appeals overruled this claim.

Respondent contends that Petitioner's claim regarding his "once in jeopardy" plea is a matter of state law and is therefore not cognizable on federal habeas review. The Magistrate Judge points out that Petitioner recognized that Respondent was correct and thus changed his focus in his Traverse to argue that his indictment was flawed because it did not state whether there were prior legal proceedings against him for the

6

same offense. The Court agrees with the Magistrate Judge that both of Petitioner's arguments fail.

Petitioner's argument that the trial court should have disposed of his double jeopardy claim is based on state law and is not cognizable on federal habeas review. To the extent that claims asserted in federal habeas petitions allege only state-law violations, they are not cognizable on federal habeas review and must be dismissed on that basis. "It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) (citing 28 U.S.C. § 2241).

Petitioner's argument that his indictment was defective also fails. The Magistrate Judge determined that there is no federal constitutional right to an indictment in state criminal proceedings. *See, e.g., Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984) (citing *Brazenburg v. Hayes*, 408 U.S. 665 (1972)). The Court agrees with the Magistrate Judge's conclusion that an indictment is not required if sufficient notice is given to the accused. In this case, Petitioner is not alleging that he did not know the crimes for which he was charged or that the indictment was so vague that he could not prepare a defense. Therefore, the Court finds that Ground Two is not cognizable in federal habeas review.

In Ground Three, Petitioner contends that the trial court's *nunc pro tunc* entry to correct a misstatement on the written verdict was a violation of his double jeopardy rights. The court acquitted Petitioner on Count Two prior to closing arguments. The court later found Petitioner guilty on Counts One and Three, but the verdict entry

7

erroneously noted the acquittal of Count One instead of Count Two. The Court of Appeals made clear in its ruling that the trial court's error was a clerical mistake appropriately corrected by a *nunc pro tunc* entry.

Respondent correctly argues that Ground Three is not cognizable in federal habeas review. The Magistrate Judge determined that although Petitioner insists that the Court of Appeals incorrectly interpreted Ohio law regarding *nunc pro tunc* entries, Petitioner is mistaken. The Court of Appeals' decision is correct.

A state court has adjudicated a claim "on the merits," and AEDPA deference applies, regardless of whether the state court provided little or no reasoning at all for its decision. *Harrington v. Richter*, 562 U.S. 86, 99 (2011). Here, the Court of Appeals gave clear and thorough reasoning for its decision that the *nunc pro tunc* entry was used properly and did not offend the principles of double jeopardy. The Court of Appeals decision was not based on an unreasonable application of clearly established federal law.

For the foregoing reasons, the Court **ADOPTS** and **ACCEPTS** the Magistrate Judge's well-reasoned Report and Recommendation and dismisses Petitioner's Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody.

The Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915 (a)(3). Since Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253 (c)(2); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

**Date:8/10/2017**

**s/Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**United States District Judge**